Robert Kum (SBN 185530)
RKum@duanemorris.com
**DUANE MORRIS LLP**
865 S. Figueroa Street, Ste. 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Facsimile: 213.689.7401

*Counsel for Defendant,*
*Belkin International, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| VOLTSTAR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BELKIN INTERNATIONAL, INC., <br><br> Defendant. | Case No. 2:24-cv-8737-JFW (KSx) <br><br> **BELKIN INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **Complaint Served: October 21, 2024** <br> **Due Date: November 12, 2024** |
|---|---|

NOW COMES Belkin International, Inc. ("Belkin"), by and through its undersigned counsel, and hereby responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff Voltstar Technologies, Inc. ("Plaintiff" or "Voltstar") as follows.

## NATURE OF THE LAWSUIT

1. Belkin admits that the Complaint purports to state an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and accordingly, denies them.

## JURISDICTION AND VENUE

2. Belkin admits that the Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 271, *et seq.,* and that the Court has subject matter jurisdiction over patent law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Belkin admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Belkin denies that it has committed acts of infringement in this District or otherwise. Belkin admits the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

## THE PLAINTIFF

5. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and accordingly, denies them.

## THE DEFENDANT

6. Belkin admits the allegations in Paragraph 6 of Plaintiff's Complaint.

## THE PATENTS-IN-SUIT

## THE '794 PATENT

7. Belkin admits that the '794 Patent is entitled "Charger Plug With Improved Package," and that it issued on October 26, 2021. Belkin admits that what purports to be a true and correct copy of the '794 Patent is attached to the Complaint

as Exhibit 1. Belkin lacks knowledge and information as to the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and accordingly, denies them.

9. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and accordingly, denies them.

10. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and accordingly, denies them.

11. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and accordingly, denies them.

12. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and accordingly, denies them.

13. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and accordingly, denies them.

## THE '833 PATENT

14. Belkin admits that the '833 Patent is entitled "Energy-Saving Power Adapter/Charger," and that it issued on March 22, 2011. Belkin admits that what purports to be a true and correct copy of the '833 Patent is attached to the Complaint as Exhibit 2. Belkin lacks knowledge and information as to the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and accordingly, denies them.

16. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and accordingly, denies them.

17. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and accordingly, denies them.

## THE '648 PATENT

18. Belkin admits that the '648 Patent is entitled "Energy-Saving Cable Assemblies," and that it issued on June 14, 2011. Belkin admits that what purports to be a true and correct copy of the '648 Patent is attached to the Complaint as Exhibit 3. Belkin lacks knowledge and information as to the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and accordingly, denies them.

20. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and accordingly, denies them.

21. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and accordingly, denies them.

## DEFENDANT'S PRODUCTS

### Accused Product #1 – Belkin BoostCharge USB-C Wall Charger 20W

22. Belkin states that the photo of the Wall Charger referenced in Paragraph 22 of Plaintiff's Complaint speaks for itself. Belkin admits that it distributes the BoostCharge USB-C Wall Charger 20W. Belkin denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23. Belkin admits that it advertises and sells the alleged accused Wall Charger in this jurisdiction. Belkin denies that it infringes any claim of the Patents-in-suit and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of Plaintiff's Complaint, and accordingly, denies them.

24. Belkin denies that it infringes any claim of the Patents-in-suit and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of Plaintiff's Complaint, and accordingly, denies them.

25.    Belkin denies that it infringes any claim of the Patents-in-suit. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and accordingly, denies them.

26.    Belkin admits that what purports to be a claim chart is attached to Plaintiff's Complaint as Exhibit 4 and that that document speaks for itself. Belkin denies that it infringes any claim of the '794 Patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and accordingly, denies them.

27.    Belkin denies that it infringes any claim of the '794 Patent and therefore denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.    Belkin denies the allegations in Paragraph 28 of Plaintiff's Complaint.

**Accused Product #2 – BoostCharge Wireless Charging Dual Pads 10W**

29.    Belkin states that the photo of the BoostCharge Wireless Charging Dual Pads referenced in Paragraph 29 of Plaintiff's Complaint speaks for itself. Belkin admits that it distributes the BoostCharge Wireless Charging Dual Pads 10W. Belkin denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

30.    Belkin admits that it advertises and sells the alleged accused Wireless Charger in this jurisdiction. Belkin denies that it infringes any claim of the Patents-in-suit and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of Plaintiff's Complaint, and accordingly, denies them.

31.    Belkin states that it has knowledge of the Qi standard, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of Plaintiff's Complaint, and accordingly, denies them.

32.    Belkin states that it has knowledge of the Qi standard, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Plaintiff's Complaint, and accordingly, denies them.

33. Belkin states that it has knowledge of the Qi standard, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of Plaintiff's Complaint, and accordingly, denies them.

34. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and accordingly, denies them.

35. Belkin denies the allegations in paragraph 35 of the Complaint.

36. Belkin admits that what purports to be a claim chart is attached to Plaintiff's Complaint as Exhibit 5 and that that document speaks for itself. Belkin denies that it infringes any claim of the '648 and '833 Patents. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and accordingly, denies them.

37. Belkin denies the allegations in paragraph 37 of the Complaint.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

38. No response is required to Plaintiff's reference and incorporation of the foregoing paragraphs. To the extent a response is deemed required, Belkin repeats and incorporates by reference its answers to Paragraphs 1-37, as set forth above.

39. Belkin denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Belkin admits that what purports to be a claim chart is attached to Plaintiff's Complaint as Exhibit 4 and that that document speaks for itself. Belkin denies that it infringes any claim of the '794 Patent and denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41. Belkin denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Belkin denies the allegations in Paragraph 42 of Plaintiff's Complaint.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,933

43. No response is required to Plaintiff's reference and incorporation of the foregoing paragraphs. To the extent a response is deemed required, Belkin repeats and incorporates by reference its answers to Paragraphs 1-37, as set forth above.

44. Belkin denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Belkin admits that what purports to be a claim chart is attached to Plaintiff's Complaint as Exhibit 5 and that that document speaks for itself. Belkin denies that it infringes any claim of the '833 Patent and denies the remaining allegations in Paragraph 45 of Plaintiff's Complaint.

46. Belkin denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Belkin denies the allegations in Paragraph 47 of Plaintiff's Complaint.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648

48. No response is required to Plaintiff's reference and incorporation of the foregoing paragraphs. To the extent a response is deemed required, Belkin repeats and incorporates by reference its answers to Paragraphs 1-37, as set forth above.

49. Belkin denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Belkin admits that what purports to be a claim chart is attached to Plaintiff's Complaint as Exhibit 5 and that that document speaks for itself. Belkin denies that it infringes any claim of the '648 Patent and denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51. Belkin denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Belkin denies the allegations in Paragraph 52 of Plaintiff's Complaint.

## JURY DEMAND

Belkin admits that the Complaint sets forth a demand for a trial by jury. Belkin likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

To the extent Plaintiff's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, Belkin denies each and every allegation. Specifically, Belkin denies that Plaintiff is entitled to any such relief. Belkin further denies that any conduct on its part subjects Belkin or its other related entities to liability for damages, enhanced damages under 35 U.S.C. § 284, attorneys' fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any other form of relief. Belkin asks that the Court dismiss the Complaint with prejudice.

### Reservation of Rights

Belkin is investigating the facts relating to the procurement of the Patents-in-Suit and the assertion of infringement against Belkin, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Belkin reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

Belkin further reserves the right to amend its Answer to add additional Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including, but not limited to, instances of inequitable conduct and/or patent misuse) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Belkin has the burden of proving the matter asserted.

## ADDITIONAL DEFENSES

Further answering Plaintiff's Complaint and as additional defenses thereto, Belkin states the following affirmative and other defenses, without admitting any allegations of the Complaint and without altering any burdens of proof otherwise applicable at law or equity.

## First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Defense

Belkin does not and has not infringed any valid and enforceable claim of the Patents-in-Suit, either directly, indirectly, contributorily, by inducement, jointly, or in any other manner.

## Third Defense

Upon information and belief, the claims of the Patents-in-Suit are invalid, at least in part, pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and/or the rules, regulations and laws pertaining thereto.

## Fourth Defense

To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from Belkin's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

## Fifth Defense

Plaintiff's claims of infringement against Belkin regarding the Patents-in-Suit are barred, and the patents are unenforceable against Belkin, due to the doctrines of estoppel, license, waiver, and/or acquiescence.

The Wireless Power Consortium (WPC) is similar to a standard setting organization and was responsible for developing the Qi Standard. To avoid patent abuse related to the standard setting process, the WPC seeks RAND commitments from the owners of patents that are believed to be essential to the practicing of a standard. The WPC has an Intellectual Property Rights (IPR) policy requiring its members to make certain intellectual property available for license on reasonable and non-

discriminatory (RAND) terms.  The IPR policy requires its members to license its "Necessary Claims" (i.e., claims of a patent that would be necessarily infringed by implementation of the standard) for RAND terms with respect to power transmitters and power receivers that are fully compliant with an Approved Wireless Power Specification.  WPC IPR Policy, Article I Patent Licensing, Section 1.1 at 2, Section 1.3 at 4 (available at https://www.wirelesspowerconsortium.com/media/jwgrmuf5/20200624-wpc-inciprpolicy.pdf).

To the extent that the Patents-in-Suit are determined to be essential to the Qi standard, Voltstar may be obligated to license any such patent on reasonable and non-discriminatory terms and conditions consistent with the terms of the Wireless Power Consortium, Inc.'s Intellectual Property Rights Policy.

### Sixth Defense

Plaintiff's enforcement of the Patents-in-Suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.  Belkin is investigating the facts relating to the procurement of the Patents-in-Suit and the assertion of infringement against it, and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, Belkin reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### Seventh Defense

Any claim by Plaintiff for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307.  Voltstar is also precluded from recovering costs under 35 U.S.C. § 288.

### Eighth Defense

Belkin has not willfully or deliberately infringed any claim of the asserted patents.

### PRAYER FOR RELIEF

WHEREFORE, Belkin prays for relief as follows:

a. That the Court enter judgment in favor of Belkin and against Plaintiff on Plaintiff's claims and order that Plaintiff take nothing from Belkin;

b. That the Court enter a judgment and order declaring that the Patents-in-suit are unenforceable;

c. That if this Court should find this case exceptional under 35 U.S.C. § 285, it award Belkin its fees in this action, including reasonable attorneys' fees;

d. That Belkin be awarded its costs in this action; and

e. That the Court grant Belkin such other and further relief as it deems just and proper.

Dated: November 12, 2024

Respectfully submitted,

**DUANE MORRIS LLP**

By: */s/ Robert Kum*
Robert Kum (SBN 185530)
RKum@duanemorris.com
**DUANE MORRIS LLP**
865 S. Figueroa Street, Ste. 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Facsimile: 213.689.7401

Matthew S. Yungwirth
(*pro hac vice application forthcoming*)
msyungwirth@duanemorris.com
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309-3929
Telephone: 404-253-6900
Facsimile: 404-253-6901

*Counsel for Defendant,*
*Belkin International, Inc.*

# CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be electronically filed on November 12, 2024, with the Clerk using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ Robert Kum*
Robert Kum